**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50393 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-04605-JLS-1 |
| v. | |
| SUFYAAN MOHAMED, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted October 11, 2011[**]
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and TIMLIN,[***] District
Judge.

Sufyaan Mohamed ("Mohamed") appeals his jury conviction for possession

of an immigration document obtained by fraud, in violation of 18 U.S.C. §

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

1546(a), arising from Mohamed having fraudulently obtained lawful permanent residence in the United States. Mohamed contends that two of the district court's rulings on pretrial *in limine* motions were in error and also that there was insufficient evidence to support his conviction.[1]

The district court denied Mohamed's motion in limine to exclude evidence of the nature of his prior arrest, even though he offered to stipulate that he had been arrested and that the arrest was material to his application for legal permanent residence. *See Old Chief v. United States*, 519 U.S. 172, 182 (1997). The district court's decision to admit evidence over Mohamed's objection is reviewed for an abuse of discretion. *United States v. Ganoe*, 538 F.3d 1117, 1123 (9th Cir. 2008). The district court properly weighed the probative value of Mohamed's proposed stipulation against the arrest records and the prejudicial nature of both, and found that the nature of the arrest was extremely probative of Mohamed's state of mind. The district court found that where, as here, knowledge was an element of the offense, the exclusion of such evidence would greatly prejudice the government's ability to present and argue its case. *See Old Chief*, 519 U.S. at 172; *see also*

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

*United States v. Merino-Balderrama*, 146 F.3d 758, 762 (9th Cir. 1998).  This finding was not an abuse of discretion.

The district court granted the government's motion in limine to exclude evidence regarding the affirmative defenses of duress and necessity as irrelevant. We review the court's decision to preclude a defense de novo.  *See United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) (duress defense);  *United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1992) (necessity defense).  Contrary to Mohamed's arguments, he must make a proffer sufficient for a prima facie showing of each element of these defenses before evidence supporting either defense is relevant.  *Vasquez-Landaver*, 527 F.3d at 802 (9th Cir. 2008) (duress); *United States v. Arrellano-Rivera*, 244 F.3d 1119, 1125-26 (9th Cir. 2001) (necessity).  We agree with the district court that, because Mohamed failed to make a prima facie showing of an immediate threat of death or serious bodily harm, an element of both defenses, the evidence was properly excluded.

Finally, because Mohamed did not move for a judgment of acquittal, we review the sufficiency of the evidence only "to prevent a manifest miscarriage of justice."  *United States v. Smith*, 924 F.3d 889, 893-94 (9th Cir. 1991).  There was ample evidence from which a jury could conclude first that Mohamed possessed a lawful permanent resident card, and second that he knew the lawful permanent

resident card had been procured by means of a false claim or statement. To prove

the second element, the government offered evidence of numerous repeated false

statements Mohamed submitted to United States immigration authorities in his

effort to obtain asylum and later permanent residence. These false statements

included: (1) which countries he lived in and traveled through before entering the

United States; (2) his criminal history; (3) his claim that he had not previously

sought refugee status in another country; and (4) biographical details for him and

his family. The evidence was more than sufficient to support the verdict; there was

no manifest miscarriage of justice in Mohamed's conviction for a violation of 18

U.S.C. § 1546(a).

**AFFIRMED.**